IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| PETER VICTOR AYIKA, §<br>  Petitioner, §<br> §<br>v. §<br> §<br>UNITED STATES OF AMERICA, §<br>  Respondent. § | EP-20-CV-124-DB |

MEMORANDUM OPINION AND ORDER
DISMISSING PETITIONER'S PETITION AND IMPOSING SANCTIONS

Peter Victor Ayika, Federal Prisoner Number 33042-280, petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1. In his petition, he challenges the sentence imposed in cause number EP-11-CR-2126-DB-1 in the United States District Court for the Western District of Texas. He "files this . . . petition . . . to challenge the legality of his detention . . . because the sentencing court refused to consider the [ineffective assistance of counsel] and the [Speedy Trial Act] claims in the § 2255 presented to it." *Id.* at p. 5. He asks the Court to release him from his detention. *Id.* at p. 22. For the reasons discussed below, the Court will dismiss Ayika's petition. The Court will additionally deny Ayika a certificate of appealability and impose sanctions on him.

## BACKGROUND AND PROCEDURAL HISTORY

Ayika is a prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas. *See* https://www.bop.gov/inmateloc/ (search for Reg. No. 33042-280). Anthony is located in El Paso County, Texas, which is within the jurisdiction of the El Paso Division of the United States District Court for the Western District of Texas. 28 U.S.C. § 124(d)(3).

Ayika was a licensed pharmacist and owner of Continental Pharmacy in El Paso, Texas. In March 2009, he was indicted for unlawfully possessing and distributing hydrocodone (the "drug

case"). *See* EP-09-CR-660-FM-1 (W.D. Tex.), Indictment, ECF No. 1. He pleaded not guilty and proceeded to trial. A jury found him guilty on all counts. He was sentenced to 170 months' imprisonment. *Id.*, J. Crim. Case, ECF No. 376. His sentence was later reduced to 151 months' confinement. *Id.*, Order, ECF No. 503.

Ayika's instant petition actually arose from a subsequent criminal case initiated while he was in prison for the drug case. In August 2011, he was indicted for healthcare fraud, mail fraud, and wire fraud. *See* EP-11-CR-2126-DB-1 (W.D. Tex.), Indictment, ECF No. 1. The charges related to his submission of fraudulent claims for healthcare benefits in connection with his ownership of Continental Pharmacy (the "fraud case"). He pleaded not guilty and proceeded to trial. A jury found him guilty on the health care fraud count but not guilty on the remaining counts. He was sentenced to 87 months' imprisonment—consecutive to his sentence in the drug case. *Id.*, J. Crim. Case, ECF No. 277. On appeal, he claimed his speedy trial rights were violated. He reasoned "his indictment on the healthcare fraud charges was 'returned . . . approximately twenty nine (29) months' after his arrest [in the drug case] (and was thus untimely under 18 U.S.C. § 3161 (b))" of the Speedy Trial Act. *United States v. Ayika*, 837 F.3d 460, 464 (5th Cir. 2016).

The Fifth Circuit Court of Appeals rejected Ayika's argument. It explained, "because Ayika was never arrested in connection with the healthcare fraud charges, but indicted on those charges while in custody for the drug charge, he must rely on the return date of his healthcare fraud indictment (August 24, 2011)" to determine if his Speedy Trial Act rights were violated. *Id.* It then reviewed the record and concluded "Ayika has not shown any error by the district court under the [Speedy Trial Act], much less that he was prejudiced by his attorney's deficient performance in

identifying or responding to such errors; and these claims fail as such." *Id.* at 465.

Ayika alleged in a motion under 28 U.S.C § 2255 to vacate, set aside, or correct a sentence that his trial counsel provided constitutionally ineffective assistance when he failed to introduce evidence demonstrating violations of his speedy trial rights. *See* EP-11-CR-2126-DB-1 (W.D. Tex.), Mot. to Vacate, ECF No. 372, p. 5.

The Court noted the Fifth Circuit had already rejected his Speedy Trial Act and ineffective-assistance-of-counsel claims. *Id.*, Mem. Op. & Order, ECF No. 400, p. 9 (citing *Ayika*, 837 F.3d at 465). It explained "issues disposed of on a previous direct appeal [were] not reviewable in a subsequent collateral proceeding." *Id.* (citing *United States v. Fields*, 761 F.3d 443, 466 (5th Cir. 2014)). Hence, it concluded it lacked the subject matter jurisdiction necessary to review Ayika's Speedy Trial Act or ineffective-assistance-of-counsel claims. *Id.* at p. 10.

The Fifth Circuit granted Ayika a certificate of appealability on his ineffective-assistance-of-counsel claim based on his defense counsel's failure to argue that the timing of Ayika's trial violated the Speedy Trial Act. *United States v. Ayika*, 717 F. App'x 480, 481 (5th Cir. 2018). But, after reviewing the record, the Fifth Circuit concluded, "[b]ased on our calculations, only fifty-five non-excludable days elapsed for purposes of the Speedy Trial Act prior to Ayika's trial. As there was no Speedy Trial Act violation, Ayika cannot meet either prong of the ineffective-assistance test." *Id.*

Ayika next asserted in a motion for relief from the judgment under Federal Rule of Civil Procedure 60(b)(6) the Court erred when it "determined that the arrest date was rested on August 24, 2011." *See* EP-11-CR-2126-DB-1 (W.D. Tex.), Rule 60(b) Motion, ECF No. 410, p. 2. But he totally ignored the fact that the Fifth Circuit—not this Court—determined that his arrest for

healthcare fraud occurred on August 24, 2011. *Ayika*, 837 F.3d at 464. He maintained he actually was arrested for the fraud case on March 11, 2009, the same day he was arrested on the drug charges. He argued "given that March 11, 2009 is the fraud case arrest date, the indictment returned on August 24, 2011, violates the Speedy Trial Act." EP-11-CR-2126-DB-1 (W.D. Tex.), Rule 60(b) Motion, ECF No. 410, p. 2.

The Court construed Ayika's Rule 60(b)(6) motion as a second or successive § 2255 motion and dismissed it for lack of subject matter jurisdiction. *Id.*, Order, ECF No. 411, p. 6. The Fifth Circuit denied Ayika's motion for a certificate of appealability. *Id.*, Order, No. 19-50637 (5th Cir. Feb. 21, 2020), ECF No. 418, p. 2. It also warned Ayika "that the submission of repetitive or frivolous filings in this court will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction." *Id.*

In his instant petition, Ayika asserts the "§ 2255(a) motion [was] inadequate and ineffective because the sentencing court refused to consider the [ineffective-assistance-of -counsel] and [Speedy Trial Act] claims . . . presented to it." Pet'r's Pet., ECF No. 1, p. 5. He asks the Court to consider these claims under § 2241 and order his release from detention. *Id.* at 22.

## APPLICABLE LAW

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties

of the United States." 28 U.S.C. § 2241(c).   By contrast, a motion to vacate or correct a sentence pursuant to 28 U.S.C. § 2255 " 'provides the primary means of collateral attack on a federal sentence.' "  *Pack*, 218 F.3d at 451 (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).   Relief under § 2255 is warranted for errors that occurred at trial or sentencing.  *Cox*, 911 F.2d at 1114 (5th Cir. 1990); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1131 (5th Cir. 1987).   As a result, a federal prisoner who wants to challenge his conviction or sentence must generally seek relief under § 2255.  *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005).   He may raise his claims in a § 2241 petition, however, if they fall within the "savings clause" of § 2255(e).  *Id.*   Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added).   Case law establishes a petitioner must satisfy a two-prong test to successfully invoke the savings clause:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).   Moreover, a petitioner must prove both prongs.  *Padilla*, 416 F.3d at 426.   Indeed, a § 2241 petition is not a mere substitute for a § 2255 motion, and a petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective.  *Reyes-Requena*, 243 F.3d at 901 (citing *Pack*, 218 F.3d at 452; *Kinder*

*v. Purdy*, 222 F.3d 209, 214 (5th Cir. 2000)).

## ANALYSIS

In his instant pleading, Ayika asks the Court to consider his ineffective assistance-of-counsel and the Speedy Trial Act claims. Pet'r's Pet., ECF No. 1, p. 5. He argues the record before the Fifth Circuit for his direct appeal "was not sufficiently developed" before it reviewed—and rejected—his claims. *Id.* at 4. Hence, he maintains his prior § 2255 motion was "inadequate . . . to the task of providing petitioner with a chance to test the legality of his conviction and sentence." *Id.* at 1.

As the Court noted above, a § 2255 motion—not a § 2241 petition—" 'provides the primary means of collateral attack on a federal sentence.' " *Pack*, 218 F.3d at 451 (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). Nonetheless, the savings clause in § 2255(e) allows a district court with jurisdiction over a prisoner's custodian to entertain a § 2241 petition challenging a federal sentence if it first concludes that a § 2255 motion is inadequate to challenge a prisoner's detention. 28 U.S.C. § 2255(e).

The first prong of the stringent § 2255(e) savings clause test is, essentially, an "actual innocence" requirement whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law." *Reyes-Requena*, 243 F.3d at 903. The second prong requires a petitioner to show his "argument falls within the scope of, and is excluded by, a prior holding of a controlling case." *Garland v. Roy*, 615 F.3d 391, 398 (5th Cir. 2010).

Ayika cannot satisfy either prong of the § 2255(e) savings clause test. *Reyes-Requena*, 243 F.3d at 904. " 'Actual innocence' for the purposes of our savings clause test could only be shown if [Ayika] could prove that based on a retroactively applicable Supreme Court decision, he

was convicted for conduct that did not constitute a crime." *Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir. 2001). Ayika neither identifies a Supreme Court decision nor asserts his conduct—health care fraud—did not constitute a crime. Furthermore, the controlling case law has not changed. The Court previously noted the Fifth Circuit rejected Ayika's Speedy Trial Act and ineffective-assistance-of-counsel claims in its opinion on his direct appeal. *See, e.g.*, EP-11-CR-2126-DB-1 (W.D. Tex.), Mem. Op. & Order, ECF No. 400, p. 9 (citing *Ayika*, 837 F.3d at 465). The Court also explained "issues disposed of on a previous direct appeal [were] not reviewable in a subsequent collateral proceeding." *Id.* (citing *Fields*, 761 F.3d 466). Ayika has not met his burden of showing an entitlement to relief under the savings clause. His petition is merely another repetitive and frivolous attempt to raise previously-rejected claims. Simply stated, "a prior unsuccessful § 2255 motion . . . does not make § 2255 inadequate or ineffective." *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). Indeed, Ayika has clearly not shown a § 2255 motion is inadequate to challenge his detention; he has shown he disagrees with the Court's application of the law to the facts in his case.

Further, because Ayika makes a collateral attack on his sentence—and the savings clause is inapplicable—the Court construes his pleading as a successive § 2255 motion. *Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998) ("[A] court may liberally construe a pro se petitioner's pleading and treat it as a habeas corpus petition.).

Before a movant may proceed with a second or successive § 2255 motion, a court of appeals panel must first certify that it (1) contains "newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive

to collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). These restrictions eliminate "the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first f[in]d[s] that those challenges ha[ve] some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Hence, a district court lacks subject matter jurisdiction to consider a second or successive motion unless an appellate court—which in this case is the Fifth Circuit—first grants the movant permission to file the successive petition. *See Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003) ("[T]he district court did not have subject matter jurisdiction to consider Crone's application because Crone did not obtain an order from this Court authorizing the district court to consider the successive application."); *Key*, 205 F.3d at 774 ("§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one."); *United States v. Rich*, 141 F.3d 550, 553 (5th Cir. 1998) (upholding dismissal of § 2255 motion where movant had not sought or acquired certification from the Fifth Circuit to file a second or successive § 2255 motion).

Since nothing in the record indicates Ayika sought and received the appropriate certification from the Fifth Circuit prior to filing his instant pleading—or that since filing it he obtained the necessary certification—the Court finds it is without jurisdiction to entertain it. *See In re Tatum*, 233 F.3d 857, 858 (5th Cir. 2000) ("Before a successive 28 U.S.C. § 2255 motion may be filed in district court, the movant must obtain authorization from this court for the district court to consider the movant's successive § 2255 motion. 28 U.S.C. § 2244 (b)(3)(A), § 2255."). In light of this finding, the Court will dismiss Ayika's pleading. *See* W.D. Tex.

Local Rule CV-3(b)(6) ("A second or successive . . . motion for relief pursuant to 28 U.S.C. § 2255 will be dismissed without prejudice unless accompanied by a certificate issued by a panel of the Fifth Circuit."). The Court will additionally deny him a certificate of appealability.

Finally, the Court notes the Fifth Circuit warned Ayika on February 21, 2020—or 76 days before he filed his instant pleading—"that the submission of repetitive or frivolous filings in this court will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction." EP-11-CR-2126-DB-1 (W.D. Tex.), Order, No. 19-50637 (5th Cir. Feb. 21, 2020), ECF No. 418, p. 2. The Court further notes pro se litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Consequently, the Court possesses the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in this inherent authority is "the power to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate where—as here—the pro se litigant has a history of submitting multiple frivolous claims. Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195–97 (5th Cir. 1993). *See also Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993) (explaining courts may impose regulatory injunctions designed to prohibit the filing of duplicative and frivolous actions); *Tripati v. Beaman*, 878 F.2d 351, 352–53 (10th Cir. 1989) (explaining litigants have no constitutional right of access to the courts to prosecute actions that are frivolous or malicious and district courts have the power to enjoin litigants who abuse the court system).

## CONCLUSION AND ORDERS

The Court concludes Ayika cannot satisfy either prong of the stringent § 2255(e) savings clause test. *Reyes-Requena*, 243 F.3d at 904. Hence, he cannot meet his burden of demonstrating the inadequacy or ineffectiveness of a § 2255 motion. Consequently, the Court further concludes his claim regarding the validity of his sentence does not fall within § 2255's savings clause and is not cognizable in a § 2241 habeas corpus action. The Court will accordingly construe his pleading as successive § 2255 motion and dismiss it for lack of jurisdiction. And because Ayika has raised the same claims on multiple occasions—and the Court has rejected the same claims on multiple occasions—the Court will impose sanctions. The Court therefore enters the following orders:

**IT IS ORDERED** that that Ayika's pro se "Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241" (ECF No. 1), which the Court construes as a successive motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that, to the extent the Court construes Ayika's petition as a second or successive motion under 28 U.S.C. § 2255 submitted without Fifth Circuit approval, he is **DENIED a CERTIFICATE OF APPEALABILITY**.

**IT IS FURTHER ORDERED** that Ayika is **SANCTIONED** One Hundred Dollars ($100.00) for filing repetitive and frivolous pleadings in this Division which re-assert previously-rejected claims and is **BARRED** from filing any further complaints, petitions or other

documents in this Division without first satisfying this sanction and obtaining the permission of a United States District Judge to proceed.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SIGNED** this 14th day of May 2020.

_____
DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE