IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| PETER VICTOR AYIKA,<br>　　Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | EP-20-CV-124-DB |
| UNITED STATES OF AMERICA,<br>　　Respondent. | §<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Peter Victor Ayika, Federal Prisoner Number 33042-280, seeks leave of the Court to amend his pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pet'r's Am. Pet., ECF No. 8. But he fails to recognize the Court denied his original petition and entered a final judgment on May 14, 2020—well before the District Clerk received his amended petition on May 29, 2020. Mem. Op. & Order, ECF No. 2; J., ECF No. 3. As a result, his pleading is construed as a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). *See Hernandez v. Thaler*, 630 F.3d 420, 426–27 (5th Cir. 2011) ("It is the substance of the relief sought by a pro se pleading, not the label that the petitioner has attached to it, that determines the true nature and operative effect of a habeas filing."). For the reasons discussed below, his motion is denied.

In his original § 2241 petition, Ayika challenged the sentence imposed by the Court in cause number EP-11-CR-2126-DB-1. Pet'r's Pet., ECF No. 1. He claimed the "remedial mechanism" of 28 U.S.C. § 2255(a) was "inadequate or ineffective . . . to test the legality of his conviction and sentence" because the Court refused to consider his ineffective-assistance-of-counsel and Speedy Trial Act claims. *Id.* at pp. 1, 5. Hence, he argued the Court should reconsider his claims under the "savings clause" of § 2255(e) and order his release from

detention. *Id.* at p. 22.

"[A] § 2241 petition attacking a federally imposed sentence may be considered if the petitioner establishes the remedy under § 2255 is inadequate or ineffective." *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). However, a petitioner must satisfy both prongs of a two-prong test to successfully invoke the savings clause:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Mem. Op. & Order, ECF No. 2, p. 5 (quoting *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

In its memorandum opinion and order dismissing Ayika's § 2241 petition, the Court explained the Fifth Circuit rejected his ineffective-assistance-of-counsel and Speedy Trial Act claims in his direct appeal. *Id.* at p. 2 (citing *United States v. Ayika*, 837 F.3d 460, 465 (5th Cir. 2016)). It further explained " 'issues disposed of on a previous direct appeal [were] not reviewable in a subsequent collateral proceeding.' " *Id.* (quoting *United States v. Fields*, 761 F.3d 443, 466 (5th Cir. 2014)). Hence, it concluded it lacked the subject matter jurisdiction necessary to review Ayika's ineffective-assistance-of-counsel or Speedy Trial Act claims. *Id.* at p. 10. More importantly, it noted Ayika failed to identify a retroactively applicable Supreme Court decision which established he may have been convicted of a nonexistent offense. *Id.* at 7. And he did raise his claims previously in his direct appeal. The Court accordingly concluded Ayika could not "satisfy either prong of the § 2255(e) savings test." *Id.* at p. 6. It then construed his pleading as a second or subsequent § 2255 motion and dismissed it for lack of

jurisdiction. *Id.* at p. 10.

In his instant pleading, Ayika once again "invokes the § 2255(e) savings clause, pursuant to § 2241, to test the legality of his detention." Pet'r's Am. Pet., ECF No. 8, p. 1. He asserts the record on appeal "was insufficiently developed before the Court of Appeals" to properly review his ineffective-assistance-of-counsel and Speedy Trial Act claims. *Id.* at p. 9. He argues, based on Fifth Circuit's "improper and invalid" review, the Court should have considered his claims presented in his § 2255 motion, "[b]ut it didn't." *Id.* at p. 13. Thus, he maintains the Court may now consider his claims under the savings clause. *Id.* at pp. 13–14.

Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment due to (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Thus, "[a] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

Ayika does not identify an intervening change in controlling law or the availability of new evidence not previously available. He does, however, suggest a need to correct a clear error of law or fact or to prevent a manifest injustice. But he fails to identify a manifest error of law. And he raises arguments which he raised or could have raised in his § 2255 motion and his original § 2241 petition. In sum, Ayika simply wants to relitigate previously rejected

claims. "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127–128 (2d ed.1995) (footnotes omitted)). Hence, Ayika is not entitled to Rule 59(e) relief.

Consequently, **IT IS ORDERED** that Peter Victor Ayika's "Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241," which the Court construes as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59, is **DENIED**.

**IT IS FURTHER ORDERED** that, to the extent Ayika's petition may be construed as a second or successive motion under 28 U.S.C. § 2255 submitted without Fifth Circuit approval, he is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FURTHER ORDERED** that all pending motions in this cause are **DENIED**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

SIGNED this  16th  day of June 2020.

_____
DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE